UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEROME KING, et al.**                                                          **CIVIL ACTION**

**VERSUS**                                                                              **NO. 21-579-BAJ-SDJ**

**FLOWERS FOODS, INC., et al.**

### ORDER

Before the Court is a Motion to Intervene (R. Doc. 16) filed by David Jones ("Jones") and Bryan Roy ("Roy") on March 4, 2022. No opposition to this Motion has been filed, and the deadline for doing so has passed. Further, at a status conference held before the undersigned on May 12, 2022, the Parties confirmed that the request for intervention was not opposed.[1] As explained below, this Motion is **granted**.

This dispute began as a Fair Labor Standards Act ("FLSA") Opt-In Collective Action case filed in the Western District of Louisiana on October 21, 2015.[2] However, the Western District decertified that Collective Action on April 9, 2021, after which Plaintiffs filed the instant action in this Court.[3] Plaintiffs are all "former or current deliverymen" with Flowers Foods, Inc., and Flowers Baking Company of Baton Rouge, LLC[4] (collectively, "Flowers"), in Louisiana.[5] As set forth in their Complaint, Plaintiffs challenge "both the classification of Plaintiffs as independent contractors and Defendants' denial to Plaintiffs of the rights, obligations, privileges, and benefits

---

[1] *See* R. Doc. 19.
[2] R. Doc. 1 at 2. The case filed in the Western District was *Richard, et al. v. Flowers Foods, Inc., et al.*, No. 6:15-cv-02557. *Id.*
[3] *Id.*
[4] Per Plaintiffs, Flowers Foods, Inc. and Flowers Baking Company of Baton Rouge, LLC "are in the wholesale bakery business." *Id.* at 1.
[5] *Id.* at 1.

owed to them as employees," and allege violations of both the FLSA, 19 U.S.C. § 201, *et seq.*, and the Louisiana Wage Payment Law, La. R.S. 23:631, *et seq.*[6]

Jones and Roy also are former or current deliverymen for Flowers who allegedly were misclassified as independent contractors.[7]  Like the other Plaintiffs, Jones and Roy allege violations of the FLSA and the Louisiana Wage Payment Law and were part of the initial Opt-In Collective Action filed in the Western District.[8]  Per Jones and Roy, "[b]ut for an error in oversight [they] would have been included in the initial commencement of this proceeding."[9]

The Court may permit intervention on timely motion by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Granting permissive intervention pursuant to Rule 24(b) is "wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (per curiam).

Here, there is no dispute that Jones and Roy's claims in intervention share with the main action common questions of law or fact.  In addition, allowing Jones and Roy to intervene will not result in any undue delay or prejudice in this action, which is in its early stages.  Also, as the instant Motion was filed less than five (5) months after this action was filed, the Court finds the instant Motion timely.  *See Axis Energy Corp. v. St. Paul Surplus Lines Ins. Co.*, No. 16-672, 2017 WL 2559731, at *2 (M.D. La. June 13, 2017).

---

[6] *Id.* at 1, 2.
[7] R. Doc. 16 at 1.
[8] *Id.* at 2. According to Jones and Roy, following decertification of the Collective Action, they joined a subsequently asserted action filed in the Eastern District of Louisiana, "but they moved for dismissal without prejudice on March 3, 2022, by consent due to jurisdictional purposes." *Id*. Proposed Intervenors then filed the instant Motion.
[9] *Id.* at 3.

Accordingly,

**IT IS ORDERED** that the Motion to Intervene (R. Doc. 16), filed by David Jones and Bryan Roy, is **GRANTED**, and the Clerk's Office shall file their Complaint and Jury Demand (R. Doc. 16-2) into the record.

Signed in Baton Rouge, Louisiana, on May 16, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**