UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

JEROME KING, BENJAMIN BOTOS,
CORNELIUS COLLINS, DONNIE
TORRES, BARRY DEVALL, RAY
ZERINGUE, GREGORY LEJEUNE,
BRUCE NAQUIN, MARK BUECHE,
BOBBY TRAHAN, NELIS CHASSION,          CASE NO.: 3:21-CV-00579-BAJ-SDJ
DAVID JONES, and BRYAN ROY,

      Plaintiffs,                     DISTRICT JUDGE,
                                       BRIAN A. JACKSON

VERSUS                                 MAGISTRATE JUDGE,
                                       SCOTT D. JOHNSON
FLOWERS FOODS, INC. and
FLOWERS BAKING COMPANY OF
BATON ROUGE, LLC,

      Defendants.

---

DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO COMPEL DISCOVERY

---

**TABLE OF CONTENTS**

I.         BACKGROUND ............................................................................................1

      A.    Procedural History ...................................................................................1

      B.    Defendants' Efforts to Obtain Relevant and Necessary Discovery ........................2

            1.    Defendants' Written Requests for Discovery and Plaintiffs'
                  Deficient Responses...................................................................2

            2.    Meet and Confer Process ...........................................................3

                  i.    Plaintiffs' Representations at the March 21, 2023, Conferral .........5

      C.    Plaintiffs' Outstanding Discovery Obligations...........................................5

II.        LEGAL ARGUMENT .................................................................................8

      A.    Because Plaintiffs Have Neglected their Affirmative Obligation to Engage
            in Good Faith Discovery, Defendants Must Move to Compel Discovery..............8

      B.    Because Plaintiffs King, Botos, Collins, Torres, Devall, Zeringue, Lejeune,
            Naquin, Bueche, Chassion and Jones Have Not Responded to Any
            Discovery, Their Claims Must Be Dismissed Should They Fail to Heed A
            Court Order Compelling Their Compliance. .........................................10

      C.    Plaintiffs Trahan and Roy Must Supplement Their Current Responses and
            Provide Complete Responses to Defendants' Outstanding Requests. ...................11

            1.    BOBBY TRAHAN ...................................................................11

                  i.    Plaintiff Trahan Has Failed to Fully Identify All Sources of Income,
                         Including Failing to Provide His Tax Return for 2018. .................11

                  ii.    Plaintiff Trahan Has Failed to Produce Information Regarding a
                       Helper Who Assisted with His Distributorship and the 1099 Form
                       Payment(s) to the Helper. .............................................12

                  iii.    Plaintiff Trahan Has Failed to Produce Information Concerning the
                       Sale of His Distributorship Business in 2018. .............................13

            2.    BRYAN ROY ........................................................................14

                  i.    Plaintiff Roy Has Failed to Fully Identify All Sources of Income,
                             Including His Federal Tax Returns for 2012, 2013 and 2014........15

III.      CONCLUSION......................................................................................16

## **TABLE OF AUTHORITIES**

**Cases**

*B&S Equip. Co. v. Truckla Servs., Inc.*,
No. CIV.A. 09-3862, 2011 WL 2637289 (E.D. La. July 6, 2011) ................................................ 9

*Carrell v. Sunland Const., Inc.*,
998 F.2d 330 (5th Cir. 1993) ..................................................................................... 12, 13, 15

*Cooper v. The Paul Revere Life Insurance Co.*,
No. 96-2266, 1997 WL 325364 (E.D. La. June 12, 1997) ......................................................... 9

*DeGruy-Hampton v. Ochsner Clinic Found.*,
No. CV 20-2417, 2021 WL 2514681 (E.D. La. June 18, 2021) ................................................. 9

*Doe v. Am. Airlines*,
283 Fed.Appx. 289 (5th Cir.2008) ......................................................................................... 16

*FDIC v. Conner*,
20 F.3d 1376 (5th Cir.1994) .................................................................................................. 16

*Heller v. City of Dallas*,
303 F.R.D. 466 (N.D. Tex. 2014) ............................................................................................ 8

*In re U.S.*,
864 F.2d 1153 (5th Cir. 1989) ................................................................................................ 9

*Lewis v. Shafer Project Res., Inc.*,
No. 2:19-CV-353, 2021 WL 2216626 (S.D. Tex. Jan. 22, 2021) ........................................ 11, 15

*Lindsley v. BellSouth Telecommunications Inc.*,
401 F. App'x 944 (5th Cir. 2010) .......................................................................................... 14

*Lopez v. Don Herring Ltd.*,
327 F.R.D. 567 (N.D. Tex. 2018) ............................................................................................ 9

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
894 F.2d 1482 (5th Cir. 1990) ................................................................................................ 8

*Moore v. CITGO Ref. & Chemicals Co., L.P.*,
735 F.3d 309 (5th Cir. 2013) ................................................................................................ 10

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) ............................................................ 10

*Parrish v. Premier Directional Drilling, L.P.*,
917 F.3d 369 (5th Cir. 2019) .......................................................................................... 12, 15

*Richard v. Flowers Foods, Inc.*,
    No. CV 15-2557, 2021 WL 2492472 (W.D. La. Apr. 9, 2021),
    *reconsideration denied*, No. CV 15-2557, 2021 WL 8268462 (W.D. La. June 1, 2021) ............... 1

*Richard v. Flowers Foods, Inc.*,
    No. CV 15-2557, 2021 WL 4887978 (W.D. La. Oct. 18, 2021) .................................................. 1

*Thibault v. Bellsouth Telecommunications, Inc.*,
    612 F.3d 843 (5th Cir. 2010) ................................................................................................. 16

*VeroBlue Farms USA Inc. v. Wulf*,
    No. 3:19-CV-764-X, 2021 WL 5176839 (N.D. Tex. Nov. 8, 2021) .......................................... 8

*Yeager v. Corinthian Colleges, Inc.*,
    No. 01-3122, 2002 WL 1976773 (E.D. La. Aug. 23, 2002) ....................................................... 8

**Other Authorities**

*GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE* § §
    49(B)(4) (5th ed.2013) ......................................................................................................... 16

**Rules**

Fed. R. Civ. P. 26(b)(1) .......................................................................................................... 8

Fed. R. Civ. P. 26(g) .............................................................................................................. 8

Fed. R. Civ. P. 26(g)(1) .......................................................................................................... 8

Fed. R. Civ. P. 37 ................................................................................................................. 10

Fed. R. Civ. P. 37(a)(1) ......................................................................................................... 10

Fed. R. Civ. P. 37(a)(3)(B) ...................................................................................................... 9

Fed. R. Civ. P. 37(a)(4) .......................................................................................................... 9

Fed. R. Civ. P. 37(a)(5)(A) ............................................................................................... 10, 16

Fed. R. Civ. P. 37(b)(2)(A) ................................................................................................... 10

Flowers Foods, Inc. and Flowers Baking Co. of Baton Rouge, LLC ("Defendants"), by counsel, submit this Memorandum in Support of their Motion to Compel the production of responsive documents and interrogatory responses from Plaintiffs Jerome King, Benjamin Botos, Cornelius Collins, Donnie Torres, Barry Devall, Ray Zeringue, Gregory Lejeune, Bruce Naquin, Mark Bueche, Bobby Trahan, Nellis Chassion, David Jones, and Bryan Roy.

## I.   **BACKGROUND**

### A.  **Procedural History**

This case involves thirteen Plaintiffs who own or owned distributorships with Flowers Baking Co. of Baton Rouge, LLC ("Flowers/Baton Rogue"), all of whom were former opt-in Plaintiffs in the matter of *Richard, et al. v. Flowers Foods, et al.*, Case No. 15-cv-2557 (W.D. La.) ("*Richard* case" or "*Richard* Discovery").  During the *Richard* case, eight (8) Plaintiffs in this case were served with and responded to written discovery.[1] This Court's sister Court to the west in *Richard* ultimately decertified this case on April 9, 2021. *Richard v. Flowers Foods, Inc.*, No. CV 15-2557, 2021 WL 2492472, at *2 (W.D. La. Apr. 9, 2021), *reconsideration denied*, No. CV 15-2557, 2021 WL 8268462 (W.D. La. June 1, 2021). The opt-in plaintiffs were subsequently dismissed and granted leave to refile their claims. *Richard v. Flowers Foods, Inc.*, No. CV 15-2557, 2021 WL 4887978, at *2 (W.D. La. Oct. 18, 2021) (dismissing opt-in plaintiffs' claims without prejudice).

The thirteen Plaintiffs in the instant action refiled their claims in this case on October 11, 2021.[2] [Doc. 1]. Therein, Plaintiffs asserted claims under the Fair Labor Standards Act, 29 U.S.C. §§

---

[1] In *Richard*, the parties agreed they could serve written discovery on a certain percentage of opt-in Plaintiffs and could depose a smaller percentage of opt-in Plaintiffs. So, not all opt-in Plaintiffs in *Richard* responded to written discovery or were deposed. As a result of this agreement, while all thirteen named plaintiffs in this action opted into the *Richard* case, five (5) Plaintiffs did not patriciate in *Richard* discovery: Collins, King, Lejeune, Torres, and Trahan.

[2] On March 4, 2022, Plaintiffs Jones and Roy filed a Motion to Intervene, which this Court granted on May 16, 2022. [Docs. 16, 20].

1

201, *et seq.*, for unpaid overtime wages and the Louisiana Wage Payment Act, La. R.S. 23:631, *et sequ.*, for the imposition of alleged "fines." [*Id.*]. On December 23, 2021, Defendants filed their Answer to Plaintiffs' Complaint. [Doc. 8]. Therein, Defendants asserted several affirmative defenses, including Plaintiffs' status as independent contractors/franchisees and not employees and also several alternative exemption defenses. [*Id.*]. The deadline for all discovery, except expert discovery, is June 1, 2023, and any *Daubert* or dispositive motions must be filed by September 1, 2023. [Doc. 28].

On May 17, 2022, Defendants served all thirteen (13) Plaintiffs in this matter with written Requests for Production of Documents and Interrogatories ("Written Discovery Requests"). **(Exhibits D-H)**. For those Plaintiffs who did not respond to discovery in *Richard*, discovery requests included thirteen (13) to fourteen (14) interrogatories and fourteen (14) to fifteen (15) requests for production of documents, with those in active or more recent distributorships receiving requests relating to COVID-19 relief. **(Exhibit H)**. For those Plaintiffs who did respond to discovery in *Richard*, the active requests in this litigation included four (4) to five (5) interrogatories and four (4) to five (5) requests for production of documents, simply asking for supplementation with any additional documents or information they may have received or that may have changed since they first responded to discovery in 2017. *Id.*

As of today's date, and as discussed more fully below, no responses at all have been received for 11 of the 13 Plaintiffs in this litigation.

### B. Defendants' Efforts to Obtain Relevant and Necessary Discovery

1. Defendants' Written Requests for Discovery and Plaintiffs' Deficient Responses

Of the thirteen (13) Plaintiffs in this matter, only two (2) plaintiffs have made any attempt whatsoever to formally respond to Defendants' discovery requests, namely Trahan and Roy. **(Exhibits D – G)**. On August 2, 2022, months after Defendants served initial requests for discovery,

Plaintiff Trahan responded, in part, to Defendants' requests. (**Exhibits D, E**). The next day, on August 3, 2022, Plaintiff Roy also responded, in part, to Defendants' requests. (**Exhibits F, G**). Yet, the discovery responses of Trahan and Roy remain woefully inadequate and deficient as set forth below. The remaining eleven (11) plaintiffs have not provided any response to Defendants' Witten Discovery Requests, which were served over ten (10) months ago. (**Exhibit H**). This is despite the fact that discovery closes on June 1, 2023—just over two months away.

2.    <u>Meet and Confer Process</u>

In a good faith attempt to resolve this discovery dispute pursuant to Fed. R. Civ. P. 37(a)(1), Defendants sent a deficiency letter to Plaintiffs' counsel on February 6, 2023, regarding the failure of eleven (11) of the Plaintiffs to respond approximately nine (9) months after discovery had been served. (**Exhibit A**). Therein, Defendants highlighted the problematic reality that Plaintiffs King, Botos, Collins, Torres, Devall, Zeringue, Lejeune, Naquin, Bueche, Chassion, and Jones ("Non-Responding Plaintiffs") have utterly failed to prosecute their claims by refusing to participate in discovery in this litigation, a flagrant and egregious flouting of their obligation to litigate their case and to abide by this Court's rules overseeing the same. *Id.* While Defendants requested the Non-Responding Plaintiffs respond in full by February 17, 2023, the Non-Responding Plaintiffs neither responded to Defendants' February 6, 2023, Deficiency Letter nor Defendants' outstanding Written Discovery Requests. On February 10, 2023, Defendants sent a subsequent letter to Plaintiffs' counsel, which outlined the specific deficiencies with the discovery responses of Plaintiffs Trahan and Roy, requesting Plaintiffs Trahan and Roy supplement their responses no later than February 20, 2023. (**Exhibit B**).

Having received no response from Plaintiffs or their counsel to Defendants' February 6, 2023, Deficiency Letter, on February 20, 2023, Defendants' Counsel requested a call with Plaintiffs' counsel. (**Exhibit C**). In response to Defendants' efforts to address the deficiencies, that same day,

3

Plaintiffs' Counsel confirmed it may be necessary to dismiss the claims of some plaintiffs, while others either had no supplementary discovery[3] to produce or were working to gather any responsive materials they may have. *Id.* Specifically, Plaintiffs' Counsel suggested (1) Cornelius Collins may voluntarily dismiss claims for damages not documented in the *Richard* discovery responses; (2) Plaintiffs Roy, Devall, and Naquin have no supplementary information or materials different from documents produced as part of the *Richard* discovery; and (3) the remaining plaintiffs were "currently retrieving (and/or [plaintiffs' counsel] are in possession of) responsive information/materials." *Id.*

In a follow-up communication, Defendants clarified Plaintiffs Collins, King, Torres, and Lejeune did not participate in the *Richard* discovery and therefore may not rely on any reference to the same, whether it be for purposes of relying on past (non-existent) responses to satisfy current discovery obligations or preservation of claims arguments. *Id.* Furthermore, Defendants explained that to the extent the discovery responses in this litigation request information for a relevant time period not captured in the *Richard* discovery, Plaintiffs would need to supplement the information provided in the *Richard* discovery, and any Plaintiffs claiming no responsive documents exist would need to provide verified responses or affidavits stating the same. *Id.* Plaintiffs' counsel acknowledged both the need to provide supplemental responses and the need to further address the individuals from whom Defendants had received nothing. *Id.*

While Plaintiffs initially noted availability for a call on a date that ultimately did not work for Defendants' counsel, and otherwise blamed their delayed responses on deadlines in other cases they filed against Defendants, Defendants' further attempts to follow-up to close the loop on these issues via email went unanswered. Having heard nothing from Plaintiffs' counsel and receiving no supplements as promised for nearly a month, on March 14, 2023, Defendants' Counsel again

---

[3] Here, "supplementary" production refers to documents that may be produced in this litigation, separately from and in supplement to any documents produced in the *Richard* discovery.

attempted to discuss the outstanding discovery issues. (**Exhibit C**). Nevertheless, Defendants' Counsel followed up again on March 16, 2023 and March 20, 2023 to no avail. (*Id.*)**.**

        *i.*      *Plaintiffs' Representations at the March 21, 2023, Conferral*

Following Defendants' Counsel's March 20, 2023 email, Plaintiff's Counsel responded and agreed to a meet and confer to discuss the outstanding discovery issues. On Tuesday, March 21, 2023, Counsel for the Parties met via teleconference and addressed Plaintiffs' ongoing discovery obligations.  Consistent with this discussion, Plaintiffs' Counsel agreed to produce responsive information, including that which was previously identified in Plaintiffs' counsel's February 20, 2023, Correspondence. Specifically, Plaintiffs' counsel agreed to provide the following by Friday, March 24, 2023, or else the claims of Plaintiffs who fail to respond may be subject to dismissal:

      (1) Responsive information and documents from Plaintiffs Botos, Chaisson, Jones, King, Lejeune, Torres, Trahan, and Zeringue; and

      (2) Verified statements by any plaintiff averring no supplementary information or materials exist.

(**Exhibit C**). While Defendants appreciate Plaintiffs' stated commitment to responding or otherwise supplementing discovery responses, given the tight discovery timeline, Defendants could not await another discovery supplementation before filing this Motion to Compel. To the extent Defendants receive outstanding discovery following the filing of this Motion, Defendants are amenable to withdrawing some or all of this Motion.

**C.  Plaintiffs' Outstanding Discovery Obligations**

The Parties must complete fact discovery in this case by June 1, 2023. As a result of Plaintiffs' dilatory inaction throughout discovery thus far, Defendants must now not only obtain discovery responses from 13 Plaintiffs (many for the first time) but also take the depositions of thirteen Plaintiffs in the less than three months remaining in fact discovery. Plaintiffs' failure to comply with their

discovery obligations in this regard necessitates the submission of this Motion to Compel so that

Defendants can prosecute their defenses within the Court's deadlines.[4] In summary:

***No Discovery Responses***

1)   *Plaintiffs Jerome King, Cornelius Collins, Donnie Torres and Gregory LeJeune* did not participate in discovery in the *Richard* case and have not provided any responses to Defendants' Written Discovery Requests. Defendants seek complete responses to Defendants' Written Discovery Requests and Interrogatories for all of these Plaintiffs, including any averment that no responsive documents exist to any specifically identified request.

***Failed to Respond to Discovery in this Litigation***[5]

2)   *Plaintiff Benjamin Botos* participated in discovery in the *Richard* case and has not provided any response to Defendants' Written Discovery Requests in this litigation. Defendants seek complete responses to Defendants' Written Discovery Requests, including supplemental information not produced in *Richard* discovery and verified averments that no responsive documents exist to any specifically identified request. While Plaintiffs' counsel indicated they were obtaining information and documents responsive to discovery on February 20, 2023, Plaintiff Botos has yet to supplement his *Richard* responses with any information at all.[6]

3)   *Plaintiffs Mark Bueche and Barry Devall* participated in discovery in the *Richard* case but have not provided any response to Defendants' Written Discovery Requests in this litigation. Defendants seek complete responses to Defendants' Written Discovery Requests, including verified averments that no responsive documents exist to any specifically identified request.

4)   *Plaintiff Ray Zeringue* participated in *Richard* discovery but has not provided any response to Defendants' Written Discovery Requests in this litigation. Defendants seek complete responses to Defendants' Written Discovery Requests, including supplemental information not produced in *Richard* discovery and verified averments that no responsive documents exist to any specifically identified request. While Plaintiffs' counsel indicated they were

---

[4] Importantly, of the eight plaintiffs who provided discovery in *Richard*, three are still current distributors. Therefore, they must supplement discovery with any information or documents that are relevant to their claims over the past five years, or since responding to *Richard* discovery in July and August of 2017.

[5] While Plaintiffs' counsel noted in an email that Mr. Devall, Naquin and Roy "retired" from service and appear to have no further supplemental information of materials, they still must provide verified written responses specifying the same. (**Exhibit C**).

[6] Significantly, while Plaintiff Botos provided discovery responses in *Richard* in 2017, Plaintiff Botos currently has a distributorship with Defendants. Therefore, Plaintiff Botos should have years-worth of responsive information to provide in this litigation. [Doc. 1, ¶ 10].

obtaining information and documents responsive to discovery on February 20, 2023, they have yet to supplement with any information at all.[7]

5) _Plaintiff Bruce Naquin_ participated in _Richard_ discovery but has not provided any response to Defendants' Written Discovery Requests in this litigation. Defendants seek complete responses to Defendants' Written Discovery Requests, including verified averments that no responsive documents exist to any specifically identified request.

6) _Plaintiffs Nellis Chassion and David Jones_ participated in _Richard_ discovery but have not provided any response to Defendants' Written Discovery Requests in this litigation. Defendants seek complete responses to Defendants' Written Discovery Requests, including supplemental information not produced in _Richard_ discovery and verified averments that no responsive documents exist to any specifically identified request. While Plaintiffs' counsel indicated they were obtaining information and documents responsive to discovery on February 20, 2023, they have yet to supplement with any information at all.[8]

### _Deficient Discovery Responses in this Litigation_

7) _Plaintiff Bobby Trahan_ did not participate in the _Richard_ case but only provided partial responses to Defendants' Written Discovery Requests. Defendants seek complete responses to Defendants' Written Discovery Requests, including information counsel noted in their email of February 20, 2023 would be produced and confirmation that no other responsive documents exist for any other requests.

8) _Plaintiff Bryan Roy_ participated in the _Richard_ discovery but only provided partial responses to Defendants' Written Discovery Requests. Defendants seek complete responses to Defendants' Written Discovery Requests, including written confirmation that no other responsive documents exist for any other requests. While counsel indicated that Roy is "unable to supplement state returns for 2012-2014 with federal returns," he has a duty to either request the same from his accountant or request them from the IRS directly.

Given these various discovery matters that remain outstanding and the fast-approaching discovery cut-off, Defendants must now bring this Motion to remedy Plaintiffs' neglect of this action.

---

[7] Like Plaintiff Botos, while Plaintiff Zeringue provided discovery responses in _Richard_ in 2017, Plaintiff Zeringue currently has a distributorship with Defendants. Therefore, Plaintiff Zeringue should have years-worth of responsive information to provide in this litigation. [Doc. 1, ¶ 13].

[8] Again, while Plaintiff Jones provided discovery responses in _Richard_ in 2017, Plaintiff Jones currently has a distributorship with Defendants. Therefore, Plaintiff Jones should have years-worth of responsive information to provide in this litigation. [Doc. 1, ¶ 13].

## II.     LEGAL ARGUMENT

### A.     Because Plaintiffs Have Neglected their Affirmative Obligation to Engage in Good Faith Discovery, Defendants Must Move to Compel Discovery.

Defendants are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . .." Fed. R. Civ. P. 26(b)(1); *see also Yeager v. Corinthian Colleges, Inc.*, No. 01-3122, 2002 WL 1976773, at *3 (E.D. La. Aug. 23, 2002) ("[R]elevancy is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter in the action or if there is any possibility that the information sought may lead to the discovery of admissible evidence[.]") (citation omitted). Rule 26(g)(1) further requires a reasonable inquiry of every discovery response or objection with the concomitant obligation to respond to discovery requests in "good faith." *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) ("Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests."); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021) (A "reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.").

Moreover, "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." *Heller v. City of Dallas*, 303 F.R.D. 466, 476 (N.D. Tex. 2014). A party is "obliged to conduct a reasonable investigation as necessary to provide as full and complete answer as reasonably practicable," as well as "review all sources of responsive information reasonably available to her and supplement her prior responses to provide the responsive, relevant facts reasonably available to her in response to

8

[discovery]." *DeGruy-Hampton v. Ochsner Clinic Found.*, No. CV 20-2417, 2021 WL 2514681, at *8 (E.D. La. June 18, 2021). Simply making general, boilerplate objections or responding in a conclusory and non-specific manner is insufficient. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018). "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *B&S Equip. Co. v. Truckla Servs., Inc.*, No. CIV.A. 09-3862, 2011 WL 2637289, *5 (E.D. La. July 6, 2011) (*citing In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *see also Cooper v. The Paul Revere Life Insurance Co.*, No. 96-2266, 1997 WL 325364, at *1 (E.D. La. June 12, 1997) (imposing sanctions where the non-moving party ignored its obligations to respond to discovery in good faith and had been dilatory in making its responses for months, even after being ordered to do so). Where discovery responses are insufficient, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

Here, Plaintiffs King, Botos, Collins, Torres, Devall, Zeringue, Lejeune, Naquin, Bueche, Chassion, and Jones have been completely nonresponsive in terms of formal discovery responses[9] and failed to answer propounded discovery as required by the Federal Rules. Likewise, and further impeding Defendants' fair review of and investigation into Plaintiffs' claims, Plaintiffs Trahan and Roy have failed to answer discovery fully and completely. *See infra*. Such incomplete and evasive responses to discovery requests must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). With the discovery period soon coming to a close and noticed depositions needing to be taken, Defendants now ask this Court to grant their Motion to Compel.

---

[9] While Plaintiffs' Counsel noted on February 20, 2023 that Plaintiffs King, Botos, Torres, Zeringue, Lejeune, and Chaisson would be supplementing with various information, Defendants have yet to receive any supplements or response, despite multiple attempts to follow up. (**Exhibit C**). Nor has Plaintiffs' Counsel ever responded on behalf of Beuche or Collins, despite noting that Collins may be willing to dismiss his claims. (*Id.*). Finally, while Plaintiffs' Counsel noted Plaintiffs Roy, Devall and Naquin have no responsive documents via email, they have never provided formal responses to that effect as required.

**B.** **Because Plaintiffs King, Botos, Collins, Torres, Devall, Zeringue, Lejeune, Naquin, Bueche, Chassion and Jones Have Not Responded to Any Discovery, Their Claims Must Be Dismissed Should They Fail to Heed A Court Order Compelling Their Compliance.**

As of the date of this filing, Plaintiffs King, Botos, Collins, Torres, Devall, Zeringue, Lejeune, Naquin, Bueche, Chassion and Jones have not formally responded to any of Defendants' discovery requests at all. (**Exhibit H**). In short, they have entirely refused to participate in discovery. Defendants have raised Plaintiffs' failure to produce discovery in deficiency letters (**Exhibits A and B**) and met and conferred as required by Fed. R. Civ. P. 37(a)(1). The failure of the Non-Responding Plaintiffs to participate in their case and provide any response to discovery is egregious and inexcusable, particularly where Defendants' Written Discovery Requests were served nearly ten (10) months ago and Plaintiffs' Counsel have confirmed possession of at least *some* responsive documents and information for the Non-Responding Plaintiffs. Accordingly, Defendants request the Court enter an order compelling each of these Plaintiffs to respond to the discovery served by Defendants in this case within the next seven days, to allow time for review of the same and full depositions within the discovery period, and pay the attorneys' fees of Defendants associated with bringing this motion to compel as a sanction. Fed. R. Civ. P. 37(a)(5)(A).

In the absence of a full response to a Court Order compelling each individual Plaintiff to respond to discovery, Defendants request the claims of Plaintiffs King, Botos, Collins, Torres, Devall, Zeringue, Lejeune, Naquin, Bueche, Chassion, and Jones be dismissed with prejudice and/or that Plaintiffs be appropriately sanctioned. Fed. R. Civ. P. 37(b)(2)(A); *see also Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315–16 (5th Cir. 2013) (*citing Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam)) (Rule 37 dismissal "must be available to the district court in appropriate cases, not merely to penalize those

10

whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted

to such conduct in the absence of such a deterrent.").

**C.**   **Plaintiffs Trahan and Roy Must Supplement Their Current Responses and Provide Complete Responses to Defendants' Outstanding Requests.**

While Plaintiffs Trahan and Roy have provided at least some form of a response to

Defendants' Written Discovery Requests, significant issues with those responses still remain.

1.   BOBBY TRAHAN[10]

i.   *Plaintiff Trahan Has Failed to Fully Identify All Sources of Income, Including Failing to Provide His Tax Return for 2018.*

In Defendants' First Requests for Production of Documents to Trahan, Defendants requested:

**REQUEST FOR PRODUCTION NO. 9:**
All documents that constitute, evidence, reflect or refer to the amount and source of income earned or received by you for the calendar years 2012-2018, including, but not limited to, monies received from employment, independent contractor positions, and/or self-employment. This should include your federal and state income tax returns, both personal and corporate returns, as applicable, and all schedules and attachments thereto for 2012 through 2018 (when filed).

**_RESPONSE NO. 9:_**
*Please refer Request for Production number 1.*
*Subject to the foregoing response, Plaintiff reserves the right to supplement this response as required by law.* (**Exhibit D**)

Plaintiff Trahan made no objection to this request, and Defendant is entitled to a full response,

including tax returns for the entire relevant time period. "Tax returns have routinely been found

relevant in FLSA cases to analyze a plaintiff's status as either an employee or independent contractor

pursuant to the economic realities test." *Lewis v. Shafer Project Res., Inc.*, No. 2:19-CV-353, 2021

WL 2216626, at *1 (S.D. Tex. Jan. 22, 2021); *see also Parrish v. Premier Directional Drilling, L.P.*,

---

[10] On February 20, 2023, Plaintiff's Counsel seemingly acknowledged Plaintiff Trahan's discovery responses were deficient, explaining Plaintiff Trahan had contacted a CPA regarding missing documents, including information regarding his helper in 2018. Nevertheless, Plaintiff Trahan's obligation to provide responsive information and documents remains and, to the extent such information is unattainable or documents nonexistent, Plaintiff Trahan must provide a verified statement providing the same.

917 F.3d 369, 384 (5th Cir. 2019) ("[E]vidence gleaned from tax returns can be useful" when

evaluating a FLSA plaintiff's opportunity for profit or loss.); *Carrell v. Sunland Const., Inc.*, 998 F.2d

330, 333 (5th Cir. 1993) (looking to income and deductions in a plaintiff's tax returns in examining

whether a plaintiff was an employee or independent contractor under the FLSA.).

In response to Document Request No. 1, Plaintiff Trahan responded "See TRAHAN 000001-

000."[11] In this cache of documents, Plaintiff Trahan produced his tax returns from 2012-2017.

However, Plaintiff Trahan failed to produce his return for 2018, which is within the relevant time

period for Plaintiffs' claims. This return is clearly responsive and must be produced.

> ii.     *Plaintiff Trahan Has Failed to Produce Information Regarding a Helper Who Assisted with His Distributorship and the 1099 Form Payment(s) to the Helper.*

Plaintiff Trahan provided inconsistent and contrary responses to Defendants' discovery

requests regarding the employees and/or helpers he hired to assist him with his distributorship

business at issue in this case. Specifically, , Defendants requested the following:

**INTERROGATORY NO. 4:**
From October 21, 2012 to January 5, 2018, identify all individuals or entities who assisted
you in operating your distributorship with FBC of Baton Rouge, including without limitation,
any employees, contractors, helpers, and vacation relief engaged in activities that directly
relate to distributor duties or obligations in the Distributor Agreement, or indirect activities,
such as assistance with your distributorship's financial books, bank accounts, financial,
statements, and/or tax returns, and for each individual or entity provide: (a) the date(s) such
individual(s) or entity assisted you and the approximate number of hours per week or month
in which he/she assisted you (if a helper or employee), (b) a description of the assistance
provided, and (c) the amount of money or other things of value paid or provided to such
individual(s) or entity, including the manner of payment (cash, check, barter, etc.), and
whether you took a deduction on your tax returns for such payment(s).

*RESPONSE INTERROGATORY NO. 4*
*I had a helper, Robert, who assisted me with pullups. He received a 1099 and was paid about*
*$120.00 per week by check.*
*Subject to this response, Plaintiff reserves the right to supplement this response as required*
*by law.* (**Exhibit E**)

---

[11] Trahan actually produced bate numbers TRAHAN 000001-000170.

**REQUEST FOR PRODUCTION NO. 3:**
All documents constituting, concerning, or referring to your engagement or payment of a helper, employee, or assistant to assist with your distributorship for the period of October 21, 2012 to January 5, 2018 including, but not limited to, any payment receipts, cancelled checks, W-2s, 1099s, schedules, and agreements.

*RESPONSE NO. 3*
*No documents.*
*Subject to the foregoing response, Plaintiff reserves the right to supplement this response as required by law.* (**Exhibit D**)

Plaintiff Trahan failed to fully respond and did not properly provide basic details regarding this helper, including sufficiently identifying his helper "Robert" and the dates "Robert" assisted with the distributorship business. Information concerning employees and assistants hired in connection with a plaintiff's business is directly relevant in a FLSA case to show the level of control a plaintiff exercises over his business. *See Carrell.*, 998 F.2d at 333, FN3 (The relative investment of FLSA plaintiffs in their business, including plaintiffs who brought their own semi-skilled helpers to the job, must be considered to determine the degree of economic dependence under the economic reality test.). Plaintiff Trahan must be compelled to produce information about his helper "Robert," including identifying "Robert," the 1099 payments made to "Robert," and the dates payments were made.

        iii.    *Plaintiff Trahan Has Failed to Produce Information Concerning the Sale of His Distributorship Business in 2018.*

In response to Defendants' discovery requests, Plaintiff Trahan admitted in his interrogatory responses that he sold his distributorship in 2018 but simultaneously failed to provide any details or specifics regarding this transaction at all, including any information regarding discussions with individuals about selling his route or the corresponding documentation regarding the sale. Specifically, Plaintiff Trahan responded:

**INTERROGATORY NO. 3:**
During your distributorship period, have you discussed the possibility of transferring or selling all or a portion of your "Distributorship Rights" (this term is generally defined in the Distributor Agreement) or territory, or acquiring other Distribution Rights or territories, with any other distributor or individual or entity (i.e. whether a sole proprietorship, business, or

other corporation no matter what form) or advertised this potential sale or purchase? If so, identify the individual(s) with whom you discussed this possibility, the media or website on or through which the potential sale or acquisition was advertised, the approximate date(s), the terms of sale (applicable area, cost, etc.), any documents that exist regarding these communications or the potential sale, and the ultimate resolution, including whether those discussions remain ongoing.

### RESPONSE TO INTERROGATORY NO. 3
*I sold my route in 2018.*
*Subject to the foregoing response, Plaintiff reserves the right to supplement this response as required by law.* (**Exhibit E**)

**REQUEST FOR PRODUCTION NO. 10:**
All documents that constitute, evidence, reflect or refer to any efforts by you to sell your distributorship, distribution rights, business or "route" with FBC Baton Rouge, or any portion thereof, or any documents constituting, reflecting, or referring to your efforts to purchase other territories, including but not limited to, any communications with another distributor, potential buyer(s) or seller(s), route or territory broker or agent, or other source (i.e. Craig's List, routesforsale.com, etc.), any purchase and sales agreement or contract, and any other financial documents.

### RESPONSE NO. 10:
*No documents.*
*Subject to the foregoing response, Plaintiff reserves the right to supplement this response as required by law.* (**Exhibit D**)

Trahan's response is inadequate. In a FLSA case, the issue of whether a plaintiff operates an independent business is relevant to analyze the economic realities test. *Lindsley v. BellSouth Telecommunications Inc.*, 401 F. App'x 944, 945 (5th Cir. 2010) (To determine if a worker is an independent contractor, "we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself."). Plaintiff Trahan's incomplete response deprives Defendants of relevant and necessary information that is critical to the litigation of his claims.

      2.     BRYAN ROY[12]

---

[12] As stated, while Plaintiffs' Counsel has indicated Plaintiff Roy will be unable to supplement his *Richard* discovery, such a statement by counsel does not obviate Plaintiff Roy's duty to respond fully to discovery requests, and to the extent supplemental responsive information or documents are either unattainable or nonexistent, Plaintiff Roy must provide a verified statement confirming the same.

       i.      *Plaintiff Roy Has Failed to Fully Identify All Sources of Income, Including His Federal Tax Returns for 2012, 2013 and 2014.*

As to Plaintiff Roy, Defendants requested the following, in relevant part:

**REQUEST FOR PRODUCTION NO. 4:**
All documents not previously produced by you in the Richard action that constitute, evidence, reflect or refer to the amount and source of income earned or received by you for the calendar years 2012-2014, including, but not limited to, monies received from employment, independent contractor positions, and/or self-employment. This should include your federal and state income tax returns, both personal and corporate returns, as applicable, and all schedules and attachments thereto for 2012 through 2014 (when filed).
***RESPONSE NO. 4***
*Please see ROY 000001-000020.*
*Subject to this response, Plaintiff reserves the right to supplement this response as required by law.* (**Exhibit E**)

**INTERROGATORY NO. 4:**
Identify the amount and source of income earned or received by you for the calendar years 2012 to 2014, including, but not limited to, any monies received from employment, self-employment, distributor or independent contractor positions, or outside businesses (other than FBC of Baton Rouge) and, for each, please provide: (a) the name, address, and phone number of each employer, self-employment arrangement, or other business relationship; (b) the dates of each period of employment, self-employment arrangement, or other business relationship; and (c) the reason for leaving each employer, self-employment arrangement, or other business relationship.
***RESPONSE INTERROGATORY NO. 4***
*2012 Flowers Distributor $134,289.00; Teche Broadcasting*
*2013 Flowers Distributor $157,334.00; Teche Broadcasting*
*2014 Flowers Distributor $131,904.00; Teche Broadcasting; Michael Marine*
*Subject to this response, Plaintiff reserves the right to supplement this response as required by law.* (**Exhibit F**)

While Plaintiff Roy produced his state tax returns, he failed to produce his federal income taxes from the years 2012 to 2014 or other sources of income in response to Interrogatory No. 4. Like Plaintiff Trahan, Plaintiff Roy must produce tax returns, as such documents are relevant to the analysis of a plaintiff's status as either an employee or independent contractor. *See Lewis*, 2021 WL 2216626, at *1; *see also Parrish*, 917 F.3d at 384; *Carrell*, 998 F.2d at 333. To the extent he does not personally have these returns, he has an obligation to request them from his accountant or the IRS directly.

The Fifth Circuit has held a plaintiff's additional income and losses from other business ventures is relevant in determining independent contractor status under the economic reality test. *See Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843 (5th Cir. 2010). Here, Plaintiff Roy failed to state the amount of income received from Teche Broadcasting for the years 2012 to 2014, as well as the income from Michael Marine in year 2014. Plaintiff Roy also failed to produce documentation concerning these sources of income, such as any W-2s from these years, assuming such income was from employment, or 1099 forms, if business income, as required by Defendants' Document Request No. 4 (**Exhibit F**), *infra*.

## III.    CONCLUSION

For the reasons set forth above, and given Defendants' extensive efforts to obtain discovery from Plaintiffs to no avail, Defendants request that the Court grant their Motion to Compel and order Plaintiffs topay the appropriate sanction of attorneys' fees incurred in presenting this Motion. Fed. R. Civ. P. 37(a)(5)(A). Moreover, given that Plaintiffs' discovery abuse spans months, and has taken significant time by Defendants to address to no avail, Defendants request the Plaintiffs' claims be dismissed, as any other sanction would not provide an adequate deterrent for Plaintiffs' cavalier neglect of their case.[13]

DATED this 22nd day of March, 2023.

*/s/ Andrew J. Halverson*

---

[13] The Court assesses dismissal of a case with prejudice as a sanction for violating a discovery order based on several "*Conner*" factors: "(1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct must substantially prejudice the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect." *Doe v. Am. Airlines*, 283 Fed.Appx. 289, 291 (5th Cir.2008) (per curiam) (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir.1994); *accord GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE* § § 49(B)(4), at 740 (5th ed.2013).

C. Garner Sanford, Jr. (*pro hac vice*)
GA Bar No. 005020
**OGLETREE, DEAKINS, NASH,**
 **SMOAK & STEWART, P.C.**
One Ninety One Peachtree Tower,
191 Peachtree St., N.E., Suite 4800
Atlanta, GA 30303
Telephone: 404-870-1714
Email:  garner.sanford@ogletree.com

Andrew J. Halverson (La. Bar No. 31184)
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
325 Settlers Trace Blvd., Suite 201
Lafayette, LA 70508
Telephone:  337.769.6582
Facsimile:  337.989.0441
Email: andrew.halverson@ogletree.com

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of March 2023, a copy of the foregoing Defendants'

Motion to Compel Discovery and Memorandum in Support thereto, has been served via email

upon the following:

Steven G. Durio
Lauren Noel Maurer
Randall M. Guidry
Durio, McGoffin, Stagg & Ackermann
220 Heymann Blvd.
Lafayette, LA 70503
337-233-0300
durio@dmsfirm.com
lauren@dmsfirm.com
randy@dmsfirm.com

David Patrick Keating
The Keating Firm, Aplc
P.O. Box 3426
Lafayette, LA 70502
337-233-0300
rick@dmsfirm.com

Ryan Moore Goudelocke
Caraway LeBlanc, LLC
130 South Audubon Boulevard
Suite 105
Lafayette, LA 70503
337-345-1985
rgoudelocke@carawayleblanc.com

Travis J. Broussard
Law Office of Travis Broussard
P.O. 82238
70503
Lafayette, LA 70598
337-316-8135
travis.broussard@live.com

Thomas Moore Hayes , IV
Hayes Harkey et al
P O Box 8032
Monroe, LA 71211-8032
318-387-2422
Fax: 318-388-5809
tommy@hhsclaw.com

*/s/ Andrew J. Halverson*
Andrew J. Halverson