UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEROME KING, et al.**                                     **CIVIL ACTION**

**VERSUS**                                                  **NO. 21-579-BAJ-SDJ**

**FLOWERS FOODS, INC., et al.**

---

**ORDER**

Before the Court is a Motion to Intervene (R. Doc. 23) filed by Movant Gordon Frank on June 20, 2022. Defendants Flowers Foods, Inc., and Flowers Baking Company of Baton Rouge, LLC, oppose the Motion (R. Doc. 24). No reply has been filed. For the reasons set forth below, this Motion is **granted**.

**I.     RELEVANT BACKGROUND**

This dispute began as a Fair Labor Standards Act Opt-In Collective Action case filed in the Western District of Louisiana on October 21, 2015.[1] However, the Western District decertified that Collective Action on April 9, 2021, after which Plaintiffs filed the instant action in this Court on October 11, 2021.[2] Plaintiffs are all "former or current deliverymen" with Flowers Foods, Inc., and Flowers Baking Company of Baton Rouge, LLC,[3] (collectively, "Flowers") in Louisiana.[4] As set forth in their Complaint, Plaintiffs challenge "both the classification of Plaintiffs as independent contractors and Defendants' denial to Plaintiffs of the rights, obligations, privileges,

---

[1] R. Doc. 1 at 2. The case filed in the Western District was *Richard, et al. v. Flowers Foods, Inc., et al.*, No. 6:15-cv-02557. *Id.*
[2] *Id.*
[3] Per Plaintiffs, Flowers Foods, Inc., and Flowers Baking Company of Baton Rouge, LLC, "are in the wholesale bakery business." *Id.* at 1.
[4] *Id.* at 1.

and benefits owed to them as employees," and allege violations of both the FLSA, 29 U.S.C. § 201, *et seq.*, and the Louisiana Wage Payment Law, La. R.S. 23:631, *et seq.*[5]

Of note, on March 4, 2022, a Motion to Intervene was filed by David Jones and Bryan Roy, who also were former or current deliverymen for Flowers, allegedly misclassified as independent contractors.[6] Finding intervention appropriate, the Court granted that Motion, which was unopposed, on May 16, 2022.[7]

## II. PARTIES' ARGUMENTS

In his Motion, Movant seeks to permissively intervene in this matter. Per Movant, he initially joined the collective action that ultimately was decertified by the Western District.[8] After decertification, Movant claims he was "lost in the shuffle" and that "[a]n error of oversight" by counsel representing plaintiffs in the collective action resulted in Movant "being left out of all eight (8) actions pending before deferral district courts for the Western, Middle, and Eastern Districts of Louisiana."[9] Movant argues that, because he is similarly situated to the other plaintiffs in this action and because he has satisfied all requirements for permissive intervention, he is entitled to permissively intervene in this matter.

In their Opposition, Defendants argue that the statute of limitations has run on both Movant's FLSA and Louisiana Wage Payment Act claims.[10] As such, Defendants claim that Movant's claims are time-barred and that his Motion should be denied as futile.[11]

---

[5] *Id.* at 1, 2.
[6] R. Doc. 16.
[7] R. Doc. 20.
[8] R. Doc. 23-2 at 1.
[9] *Id.*
[10] R. Doc. 24 at 5.
[11] *Id.*

### III. LAW AND ANALYSIS

Rule 24 of the Federal Rules of Civil Procedure provides for "[i]ntervention—a procedure by which an outsider with an interest in a lawsuit may come in [even] though [it] has not been named as a party by the existing litigants." Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1901 (3d ed. 2007). The rule distinguishes between two kinds of intervention—intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24(a) (intervention of right) and 24(b) (permissive intervention). A court must allow intervention if the motion is timely and the movant either: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the action and is so situated that disposing of the action may impair or impede the movant's ability to protect his interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a) (intervention of right). Rule 24(b) provides that the Court may permit anyone to intervene who (1) is given a conditional right to intervene by a federal statute or (2) has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b) (permissive intervention). "Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Harbour v. Sirico*, No. 18-1055, 2019 WL 2338504, at *7 (M.D. La. Jun. 3, 2019), citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). Additionally, regardless of the type of intervention, "Rule 24 is to be liberally construed." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014).

Here, Movant seeks to permissively intervene in this case. The Fifth Circuit has acknowledged that "[p]ermissive intervention 'is wholly discretionary with the [district] court … even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'" *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987), quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71

(5th Cir. 1984) (en banc). "Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims." *Harbour*, 2019 WL 2338504, at *7, quoting *Secs. & Exch. Comm'n v. Standford Int'l Bank, Ltd.*, No. 09-298, 2010 WL 11492410, at *2 (N.D. Tex. Jan. 6, 2010).

### A. Whether Movant's Intervention is Futile

"If the intervening party's legal claim fails on the merits under clearly-established law or a prior decision in the case, the motion to intervene can be dismissed as futile." *In re Welded Constr., L.P.*, 618 B.R. 710, 723 (Bankr. D. Del. 2020). "Indeed, the Fifth Circuit has affirmed denials of motions to intervene when the amended complaint in intervention asserts only claims that are time barred." *State Farm Mut. Auto. Ins. Co. ex rel. Holley v. U.S.*, No. 02-1799, 2003 WL 1873089, at *3 (E.D. La. Apr. 10, 2003) (finding the court "bound … to conclude that it is appropriate to deny a motion to intervene when the intervenor seeks to raise claims that are time barred") (citations omitted). "The Fifth Circuit defines futility 'to mean that the amended complaint would fail to state a claim upon which relief could be granted.'" *Hamilton v. First Am. Title Co.*, No. 07-1442, 2008 WL 3876038, at *4 (N.D. Tex. Aug. 15, 2008), quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

To determine whether the proposed complaint fails to state a claim upon which relief could be granted, the court applies the same standard as it would apply in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *i.e.*, whether the complaint "include[s] 'enough facts to state a claim to relief that is plausible on its face.'" *Id.*, citing *Stripling*, 234 F.3d at 873; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Thus, when an opposing party argues futility, the court reviews proposed [pleadings] in the light most favorable to the proponent, accepting all well-pleaded facts as true, with every doubt to be resolved in favor of the proponent."

*Id.*, citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). "In determining whether the proposed intervention is futile, courts must view the application of the tendered pleadings—that is, whether those pleadings allege a legally sufficient claim or defense and not whether the applicant is likely to prevail on the merits." *Dynamic Sys., Inc. v. Skanska USA Bldg. Inc.*, No. 19-10237, 2021 WL 6063609, at *2 (S.D.N.Y. Dec. 21, 2021) (citation omitted).

Here, in his proposed Complaint and Jury Demand (R. Doc. 23-1), Movant alleges violations by Defendants of the FLSA and the LWPA.[12] The Court turns first to Movant's FLSA claim. There is a general two-year statute of limitations for violations of the FLSA. 29 U.S.C. § 255(a). The statute of limitations is extended to three years for willful violations of the FLSA. *Ramos v. Al-Bataineh*, 599 F.App'x 548, 551 (5th Cir. 2015), citing 29 U.S.C. § 255(a). In his proposed Complaint and Jury Demand, Movant alleges that Defendants "acted willfully" in failing to pay him overtime premium wages, in violation of the FLSA.[13] Based on this allegation, the Court will analyze this issue using the three-year statute of limitations.

"A cause of action accrues for FLSA purposes 'at each regular payday following the work period during which the services were rendered for which the wage or overtime compensation is claimed.'" *Fabela v. AT&T Commc'ns Corp.*, No. 06-409, 2007 WL 3310714, at *2 (W.D. Tex. Oct. 30, 2007), quoting *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987). For purposes of § 225(a), an action commences when the plaintiff files the complaint. *Id.*, citing *Halferty*, 821 F.2d at 271.

---

[12] R. Doc. 23-1 at 27-32 ¶¶ 142-162. The Court notes that Movant brings a third cause of action in his proposed Complaint and Jury Demand, seeking a declaratory judgment establishing that he is an employee of Defendants, thereby entitled to all rights and benefits of employment. *Id.* at 30 ¶ 156.
[13] *Id.* at 29 ¶ 152.

In their Opposition, Defendants allege Movant worked as a distributor for Defendant Flowers Baking Company of Baton Rouge, LLC ("FBC Baton Rouge") from 1996 until on or about June 16, 2013, when Movant's Distributor Agreement was assumed by FBC New Orleans.[14] Thus, per Defendants, "[Movant's] last interaction with FBC Baton Rouge, the Defendant in this matter, would have occurred sometime in June 2013."[15] Defendants continue, "[t]he statute of limitations for [Movant's] FLSA claims against FBC Baton Rouge would have started running at that time on or about June 16, 2013, when his business's contract with FBC Baton Rouge ended."[16] Applying a three-year statute of limitations, Defendants argue that Movant's FLSA claim against FBC Baton Rouge expired before Movant opted into the *Richard* case in the Western District on January 12, 2017.[17] *See also* 29 U.S.C. § 256 (b) ("In determining when an action is commenced for the purposes of section 255 of this title, an action … shall be considered to be commenced in the case of any individual claimant—if such written consent was not so filed or if his name did not so appear [on the complaint]—on the subsequent date on which such written consent is filed in the court in which the action was commenced."). Defendants further note that, under the FLSA, written consents do not relate back to the filing of the original complaint.[18] Thus, per Defendants, Movant's claims under the FLSA are time-barred.

Defendants' argument, therefore, is predicated on Movant's contract being transferred from FBC Baton Rouge to FBC New Orleans. And this allegation is substantiated by the declaration of the Market Vice President for FBC Baton Rouge and deposition testimony of

---

[14] R. Doc. 24 at 5; R. Doc. 24-1 at 5-6, 8-9 (40:23-41:7, 53:13-54:10); R. Doc. 24-2 at 2 ¶ 4.
[15] R. Doc. 24 at 8.
[16] *Id.*
[17] *Id.* at 9.
[18] *Id.* at 10. Defendants cite in support *Woodward v. Fedex Freight East, Inc.*, 250 F.R.D. 178, 193 (M.D. Pa. 2008), in which that court finds that "the written consents, when properly filed, will not relate back to the filing date of the Amended Complaint."

Movant.[19]  However, in his proposed pleading, Movant alleges only that he "works as a deliveryman for Flowers in Louisiana from 1996 through the present date."[20]  He also alleges that the orders he and his colleagues place "go directly to Flowers Baton Rouge."[21]  Thus, this assumption of Movant's contract by FBC New Orleans is not referenced in Movant's proposed pleading.  Given the standard that the Court is to look only to Movant's proposed pleading and to view same in the light most favorable to him, accepting all well-pleaded facts as true, the Court cannot, based on the allegations in Movant's proposed pleading, find his FLSA claims to be time-barred at this point in the litigation.

Defendants make a similar argument with regard to Movant's LWPA claim.  As argued by Defendants, Movant's LWPA claim is subject to a liberative prescription period of three years.[22]  Noting that under Federal Rule of Civil Procedure 23, the running of the statute of limitations in a class action is tolled by the commencement of the suit and continues until certification of the class is denied, Defendants again argue that the statute of limitations for Movant's LWPA claim also began to run in June of 2013, when Movant "stopped contracting with FBC Baton Rouge."[23]  Per Defendants, the statute of limitations ran for over two years until the *Richard* litigation was filed on October 21, 2015.[24]  When class certification for the LWPA claims in the *Richard* case was denied on April 9, 2021, the statute of limitations began running again.[25]  Because Movant did not seek to intervene in this matter until June 20, 2022, more than a year after decertification of the

---

[19] R. Doc. 24-1 at 8-9 (53:13-54:10); R. Doc. 24-2 at 2 ¶ 4.
[20] R. Doc. 23-1 at 2 ¶ 4.
[21] *Id.* at 23 ¶ 116.
[22] R. Doc. 24 at 10.  In support, Defendants cite to La. Civ. Code art. 3494, which establishes a three-year liberative prescriptive period for "[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board."  La. Civ. Code art. 3494(1).
[23] R. Doc. 24 at 11.
[24] *Id.*
[25] *Id.*

class in *Richard*, "more than three years ha[ve] expired on the statute of limitations for [Movant's] LWPA claim and it is now time-barred."[26]

As with Defendants' argument that Movant's FLSA claim is time-barred, Defendants' assertion that Movant's LWPA is time-barred is predicated on the allegation that Movant no longer contracts with FBC Baton Rouge, an assertion which is not included in Movant's proposed pleading. For the reasons stated above, the Court cannot, based on Movant's pleadings, find that his LWPA claims are time-barred. Accordingly, the Court finds that, at this stage of the litigation, it cannot be determined that Movant's Motion to Intervene is futile. Thus, the Court now turns to the question of whether Movant has satisfied the requirements for intervention.

### B.   Whether Movant is Entitled to Permissive Intervention

As stated above, Movant seeks to permissively intervene in this matter. Permissive intervention is permitted upon a timely application when the movant has a claim or defense that shares with the main action a common question of law or fact. *Dynamic Sys.*, 2021 WL 6063609, at *2, citing Fed. R. Civ. P. 24(b)(1)(B).

Here, Movant, a distributor for Flowers, claims he was wrongfully classified as an "independent contractor" and is owed, *inter alia*, overtime compensation and reimbursement of illegal deductions, which were denied him because he was not considered an "employee."[27] Plaintiffs seek the same in their Complaint.[28] It is thus clear to the Court that Movant's claims share a common question of law or fact with the main action, and Defendants do not challenge this assertion. As such, the only remaining question is whether Movant's Motion to Intervene was

---

[26] *Id.*
[27] R. Doc. 23 at 2.
[28] *See* R. Doc. 1 at 1, 2.

timely. The Court notes that Defendants also do not challenge the timeliness of Movant's Motion to Intervene in their Opposition.

"Determining the timeliness of a motion to intervene entails consideration of four factors: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994), citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977). However, the Fifth Circuit has cautioned that an analysis of timeliness "is contextual" and "absolute measures of timeliness should be ignored." *Id.*, citing *Stallworth*, 558 F.2d at 266. Similarly, "[t]imeliness is not determined solely by the length of time that passes before a motion to intervene is made" and, instead, "must be determined from all the circumstances in the case." *Assoc. of Prof. Flight Attendants v. Gibbs*, 804 F.2d 318, 320, 321 (5th Cir. 1986). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, No. 21-071, 2022 WL 974335, at *3 (N.D. Tex. Mar. 31, 2022) (quoting *Sierra Club*, 18 F.3d at 1205).

    **1.  Length of Time**

The first factor to consider when determining whether a motion to intervene is untimely is the length of time during which the would-be intervenor knew or reasonably should have known

of its interest in the case before it petitioned for leave to intervene. Here, Movant first argues that, upon decertification of the collective action in the *Richard* case, he was "lost in the shuffle" and that "[a]n error of oversight by counsel representing plaintiffs in the previous, conditionally certified class resulted in [Movant] being left out of all eight (8) actions pending before federal district courts for the Western, Middle, and Eastern Districts of Louisiana."[29] Movant also argues that Defendants were aware of his claims against them "as early as January 6, 2017, in the prior *Richard* class and collective action."[30] Movant continues:

> Furthermore, this action commenced only eight months ago. One month later the proceeding was stayed by consent of the parties. It has been only six months since the stay was lifted, and Flowers did not commence any discovery until one month ago on May 17, 2022. This discovery in the form of Interrogatories and Request for Production of Documents was largely duplicative.[31]

Defendant does not challenge Movant's assertions here. And the Court notes that Defendants did not challenge as untimely intervention by two now Plaintiffs who sought intervention just over three months prior to Movant's Motion.[32] While Movant is seeking intervention approximately eight months after this litigation was initiated, it is unclear to the Court when Movant became aware of his failure to be included in any of the pending post-*Richard* federal actions. Per Movant, "[t]he failure to including [him] was eventually discovered relatively promptly."[33] This provides no substantive information to the Court, and the Court cannot determine exactly how long Movant delayed in filing the instant Motion. Based on the eight-month delay, the Court finds this factor weighs in favor of finding Movant's Motion to Intervene untimely.

---

[29] R. Doc. 23-2 at 1.
[30] *Id.* at 2.
[31] *Id.*
[32] *See* R. Docs. 16 and 20.
[33] R. Doc. 23-2 at 1.

### 2. Prejudice to Existing Parties

The second timeliness factor to consider is the extent of the prejudice to the existing parties to the litigation as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case. However, the "prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Sierra Club*, 18 F.3d at 1206, citing *Stallworth*, 558 F.2d at 265. As stated above, Defendants do not address this issue. Movant argues that his intervention in this litigation "would make adjudication of his claims more efficient" because resolution of his claims will rely not only on the same or similar evidence as that of other Plaintiffs, but also on the same witnesses, including expert witnesses, as the other Parties.[34] Per Movant, "[i]t would be much easier to hear [Movant's] testimony with the other plaintiffs, rather than to have the same four experts and Flowers management testify in an entirely separate trial just for [Movant]…" The Court agrees.

Additionally, the fact discovery period for this case is still ongoing. Per Movant, "no depositions have been conducted in this proceeding to date, and there has been no contested motion practice," and at the time Movant filed his Motion, the case is "well over a year away before discovery will close."[35] Thus, at the time Movant's Motion was filed, this case was still in its infancy, further indicating Movant's intervention will not prejudice the existing Parties. Also, as stated above, Movant filed this Motion less than four months after two other now Plaintiffs sought intervention in this litigation, much like Movant here, and Defendants did not oppose their

---

[34] *Id.* at 3.
[35] *Id.*

Motion.[36]  The Court therefore finds that this factor weighs in favor of finding Movants' Motion timely.

### 3. Prejudice to Movant

The third factor in determining timeliness is the extent of the prejudice that the would-be intervenor may suffer if intervention is denied.  As argued by Movant, if he should have to proceed with his claims in a separate action, his "pursuit of justice" would become "economically burdensome."[37]  Per Movant, he will rely on the same expert witnesses as have already been obtained by Plaintiffs in other proceedings pending in other federal courts in Louisiana.[38]  Further, Movant asserts that "[e]arly preparation for trial in other similar proceedings has demonstrated an expense of $35,000 to report on the relationship between one distributor and the Flowers Defendants."[39]  Movant claims that if he "had to obtain a separate expert for both reporting and trial and deposition testimony, he likely will not be able to afford the costs, and/or the expense of the expert may be grossly out of proportion to [Movant's] recovery."[40]  Intervention, therefore, "would permit [him] to share the expense among fourteen (14) plaintiffs rather than for him to bear the suit expenses, including expert witnesses, individually."[41]  Recognizing the potential prejudice to Movant should he not be allowed to intervene, and recognizing that Defendants do not dispute this assertion, the Court finds this factor also weighs in favor of finding Movants' Motion timely.

---

[36] *See* R. Docs. 16 and 20.
[37] R. Doc. 23-2 at 4.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*

### 4. Unusual Circumstances

The final factor to consider in determining timeliness is the existence of unusual circumstances militating either for or against a determination that the application is timely. Movant argues that, because of his involvement in this *Richard* litigation, Defendants have known about his claim "for five years now," meaning "[t]his is not in any way a new claim about which Flowers is learning for the first time."[42] Per Movant, Defendant knew that the *Richard* action was decertified "and that the claimants in that action have continued their claims throughout eight actions pending before the Western, Middle, and Eastern Districts of Louisiana."[43] Given this procedural history, Movant claims his request to intervene "is much different than cases where defendants are receiving notice of the claim upon receipt of the Motion."[44] The Court agrees that Defendants have had prior notice of Movant's intent to bring a claim against them. It therefore finds this factor also weighs in favor of finding Movant's Motion timely. Thus, as three of the four timeliness factors weigh in Movant's favor, as Movant's claims mirror those of current Plaintiffs in this litigation, and as Defendants were aware of Movant's involvement in the *Richard* litigations, indicating Movant was pursuing a claim against them, the Court, in exercising the broad discretion given it, finds Movants' Motion to Intervene timely.

## IV.    CONCLUSION

Accordingly,

---

[42] *Id.*
[43] *Id.* at 4-5.
[44] *Id.* at 5.

**IT IS ORDERED** that the Motion to Intervene (R. Doc. 23) filed by Movant Gordon Frank is **GRANTED**. The Clerk's Office is instructed to file Movant's Complaint and Jury Demand (R. Doc. 23-1) into the record.

Signed in Baton Rouge, Louisiana, on March 30, 2023.

*[Signature]*
_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**